### 12091. ESTES *v.* PALMETTO COTTON MILLS.

The evidence authorized a finding that there was such performance on the part of one of the parties and such acceptance on the part of the other as to take the contract out of the statute of frauds.

The seller was entitled to recover as damages the difference between the contract price and the market price of the goods at the date of the breach of the contract.

DECIDED APRIL 13, 1921.

Complaint; from Campbell superior court — Judge Hutcheson. November 8, 1920.

Application for certiorari was denied by the Supreme Court.

*J. F. Golightly,* for plaintiff in error.

*Claude C. Smith,* contra.

LUKE, J. In this case Palmetto Cotton Mills sought to recover from Estes the difference between the contract price and the market price of certain cotton duck. It was alleged, that Estes purchased 100 bales of cotton duck to be delivered within a certain time, and that he ordered out only 48 bales, the remaining 52 bales being kept stored by Palmetto Cotton Mills, subject to the order and shipping directions of Estes; that some time after the time for the ordering out of the remainder purchased, Estes, in response to a request for shipping instructions, notified Palmetto Cotton Mills that he would not order out any more of the cotton duck nor give any further shipping instructions, unless the price was reduced from the agreed price; whereupon Palmetto Cotton Mills brought this suit for the difference between the contract price and the market price at the time of the breach of the contract. The defendant denied the making of the contract, and denied any indebtedness, and pleaded that if such a contract was made it was not in writing, and was therefore within the statute of frauds and unenforceable. The jury found a verdict in favor of the plaintiff, the defendant's motion for a new trial was overruled, and the movant excepted. The evidence authorized the verdict. The jury were authorized to find from the evidence, both oral and documentary, that the contract as set up by the plaintiff was made, and that there was such performance upon the part of one and such acceptance by the other as to take the agreement or contract out of the statute of frauds. The plaintiff, under the Civil Code (1910), § 4131, had the right to recover the difference between the contract price and the market price at the date of the breach of the contract, as damages for the breach of the contract. The charge of the court, when read in its entirety, is not subject to the objections or criticisms

urged in the various assignments of error upon the excerpts from the charge of the court, or upon the refusal or failure to charge. For no reason assigned did the court err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*